UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

    Plaintiff,

v.

WILLIAM J. DOUGLAS, et al.,

    Defendants.

No. 2:19-cv-0447 MCE KJN

FINDINGS AND RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. On March 13, 2019, this action was transferred from the Fresno division of this court. Plaintiff filed a civil rights complaint alleging breach of contract and obstruction of justice. Plaintiff names Deputy Attorney General William J. Douglas and Correctional Lt. C. Martincek as defendants.

    As discussed below, the undersigned recommends that plaintiff's complaint be dismissed without prejudice, but without leave to amend.

II. Background

    Plaintiff's Prior Civil Rights Action

    On July 6, 2017, in Case No. 2:15-cv-0792 WBS KJN, plaintiff filed a notice that the parties had reached a settlement of plaintiff's civil rights claims against defendants Andrichak,

////

Shaiken and Schneider.[1] On July 7, 2017, defendants filed a stipulation of dismissal with prejudice, and appended an acknowledgment of receipt of the GE Super Radio, Serial #7458 (hereafter radio or "Settlement Property"), accepted by plaintiff in settlement of the action. Id. (ECF No. 41 at 3.) The case was dismissed on July 10, 2017. On January 22, 2018, plaintiff filed a motion to reinstate the case, alleging breach of contract and obstruction of justice, based on plaintiff's claim that Deputy Attorney General Douglas had "deliberately failed to comply with the legal terms of [the] settlement agreement." Id. (ECF No. 43 at 1.) The named defendants opposed plaintiff's motion. On March 28, 2018, the undersigned recommended that plaintiff's motion be denied because this court lacked jurisdiction, and because plaintiff alleged no facts demonstrating his personal knowledge of a connection between Martincek and the named defendants or their counsel. Id. (ECF No. 47 at 4.) Plaintiff was advised that if he believed Lt. Martincek fraudulently took plaintiff's settlement property, plaintiff may file a state court action for fraud. Id. On June 5, 2018, plaintiff filed a notice declining to file objections, and stating he would be "pursuing his claims in state court." Id. (ECF No. 51.) On July 3, 2018, the district court adopted the recommendations and denied plaintiff's motion to reinstate his case. Id. (ECF No. 52.)

The Instant Civil Rights Action

In the instant amended complaint, plaintiff essentially re-alleges the claims raised in his motion to reinstate the settlement in his prior civil rights action. (ECF No. 10.) Plaintiff adds, however, that on January 3, 2018, plaintiff received by mistake a legal document sent by defendant Douglas and addressed to the prison litigation coordinator, "strongly urging her to remove all the legal documents and files related to the case. Clearly attempting to cover up his tracks and our agreement." (ECF No. 10 at 7.) Plaintiff seeks declaratory and injunctive relief requiring defendants to adhere to "all civil rights laws," as well as money damages.

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

III. Jurisdiction

Plaintiff's amended complaint raises only state law claims.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted). Indeed, a federal court also has an independent duty to assess whether subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, none of plaintiff's allegations, based on an alleged breach of contract, involve a federal question. State law tort, negligence, or breach of contract claims do not confer federal subject matter jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").[2] In addition, because all of the parties are citizens of California, there is no complete diversity. Thus, plaintiff's amended complaint does not set forth any viable federal claim, and

---

[2] The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Thus, even if plaintiff raised a claim based on the unauthorized intentional deprivation of his settlement property, such claim also fails to state a cognizable federal civil rights claim because the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

does not allege the existence of complete diversity between the parties. Because plaintiff has failed to plead facts invoking the court's jurisdiction, the amended complaint should be dismissed without prejudice to plaintiff pursuing relief in state court. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the existence of subject matter jurisdiction.")

While leave to amend must be freely given, this court is not required to permit futile amendments. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Here, further opportunity to amend is futile because plaintiff raises no allegations demonstrating the existence of a federal question, and there are no facts plaintiff could allege to establish jurisdiction on the basis of diversity. Therefore, plaintiff is not granted leave to file an amended complaint.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to plaintiff pursuing such claims in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on plaintiff. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 18, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0447.56

4